UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JOHNNY MELANCON                              CIVIL ACTION

VERSUS                                       NO: 07-3125

HARRAH'S ENTERTAINMENT,                      SECTION: "J" (4)
INC., CAESARS PALACE
CORPORATION, CAESARS PALACE
REALTY CORPORATION AND ABC
INSURANCE COMPANY

                         **ORDER AND REASONS**

   Before the Court are defendants' **Motion For Summary Judgment** (Rec. Doc. 20) and defendant Desert Palace's **Motion To Dismiss for Lack of Personal Jurisdiction** (Rec. Doc. 30).  Having considered the motions and legal memoranda, the record, and the law, the Court finds that defendants' **Motion For Summary Judgment** (Rec. Doc. 20) should be DENIED as moot and defendant Desert Palace's **Motion To Dismiss for Lack of Personal Jurisdiction** (Rec. Doc. 30) should be GRANTED in part, and DENIED in part and the case transferred to the United States District Court for the District of Nevada.

                                1

BACKGROUND

On February 18, 2007, plaintiff Johnny Melancon allegedly slipped and fell in his hotel room at the Caesar's Palace Hotel in Las Vegas, Nevada.  A resident of Louisiana, plaintiff brought suit against the owners and/or operators of the hotel, all foreign corporations with principal places of business in Nevada, including: Harrah's Entertainment, Inc. ("Harrah's"), Caesars Palace Corporation ("Caesars Palace"), Caesars Palace Realty Corporation ("Caesars Palace Realty") and Desert Palace, Inc. ("Desert Palace").

Harrah's, Caesars Palace and Caesar's Palace Realty claim that they are not proper parties to this suit, as they neither own nor operate the Caesars Palace Hotel.  Desert Palace, a limited liability subsidiary of Caesars Palace, owns and operates the Caesars Palace Hotel, but challenges the Court's exercise of personal jurisdiction.

LEGAL STANDARDS

**A. Personal Jurisdiction**

Personal jurisdiction over a nonresident defendant is established where (1) the forum state's long arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction complies with the Due Process Clause of the

Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). As Louisiana's long arm statute extends personal jurisdiction on any basis consistent with the Constitution, the Court need only consider the limitations of the Due Process Clause. *See* La. Rev. Stat. Ann. § 13:3201(B). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945).

**B. Venue**

Where jurisdiction is based in diversity citizenship, venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the

action may otherwise be brought.

28 U.S.C. § 1391(a).

The United States Court of Appeals for the Fifth Circuit has established the rule "that a transfer to a district in which personal jurisdiction over the defendant can be obtained may properly be made under either section 1404(a) or section 1406(a)." *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) (emphasis omitted).  Section 1406(a) provides that a district court may transfer a case in the interest of justice to any district where it could have been brought.  Where personal jurisdiction is lacking, under § 1406, the Court may cure the defect rather than dismiss the case.  *See Ellis*, 646 F.2d at 1105.  Under § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**PARTIES' ARGUMENTS**

Defendant Desert Palace argues that it lacks sufficient minimum contacts with the State of Louisiana to establish personal jurisdiction.  Desert Palace has its principal and only place of business in Las Vegas, Nevada.  It does not exercise any executive, management or corporate functions in Louisiana and

does not have an agent for service of process in Louisiana. Furthermore, Desert Palace has not placed any advertisements in local newspapers or radio and television stations in Louisiana. Desert Palace has placed ads in national magazines and mailed special promotions to Total Rewards Player's Card holders in Louisiana, pursuant to their request.  Alternatively, Desert Palace asks that this action be transferred to the federal district court in Las Vegas, Nevada.

Plaintiff alleges in his complaint that defendants advertise in Louisiana and solicit citizens of Louisiana to visit their hotel, casino and entertainment venues in Nevada, thereby establishing minimum contacts with the state.

The remaining defendants, Harrah's, Caesars Palace and Caesar's Palace Realty, claim that they are not proper parties to this suit because they owed no duty to plaintiff as they did not own, operate or staff the hotel.  Furthermore, Caesars Palace, the sole shareholder and parent corporation of Desert Palace, argues that it is not liable for the torts of its subsidiary. Plaintiff counters that material issues of fact still exist regarding the relationship between the parties.

## DISCUSSION

Given the somewhat murky and intertwined analysis of venue

and personal jurisdiction, the Fifth Circuit has established that a transferor court does not need personal jurisdiction over defendants in order to transfer the case under either § 1404(a) or § 1406(a). *Ellis*, 646 F.2d at 1104-07. Both statutes establish a basis for transferring forum, based on convenience or cure of defect, respectively.

Section 1404(a) permits federal courts to grant transfers in the interest of convenience of the parties and witnesses. The first step in the analysis is to consider whether the suit could have been brought in the transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Here, given that the incident giving rise to the suit took place in Nevada and all of the defendants reside in Nevada, the case could have been initially filed in Nevada.

Next, the Court must consider the "convenience of the parties and witnesses" and "the interest of justice." *See id.* The Fifth Circuit has outlined a number of private interests to consider when determining whether to transfer venue under § 1404(a): "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial

of a case easy, expeditious and inexpensive. *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Additionally, the Court must consider public interests such as administrative difficulties, familiarity with the law governing the case, and local interest in deciding the case. *Id.*

In this case, the factors suggest that Nevada is a more appropriate forum. All Defendants are located in Nevada, the incident giving rise to the litigation occurred in Nevada and the fact witnesses reside in Nevada. Also, Nevada may have an interest in a tort committed in its state. Considering the convenience of the Court, the parties agree that the applicable law is Nevada. While the plaintiff's interests favor keeping the case in Louisiana, balancing the competing interests evidence Nevada is a more convenient forum.

Turning to § 1406, the Court may cure a defect in venue by "transfer[ring] such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a); *see Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985). Section 1406 provides a means to correct venue laid in the "wrong division or district." *Ellis*, 646 F.2d at 1105. A district is "wrong" where there are "obstacles [that] may impede an expeditious and orderly adjudication of cases and controversies on the merits," including

lack of personal jurisdiction. *Goldlawr, Inc. v. Heinman*, 369 U.S. 463, 466-67 (1962).

If the Court does not have personal jurisdiction over defendants, transferring the case rather than dismissing the matter saves the needless refiling in Nevada where venue and jurisdiction are proper for all parties. Additionally, as the alleged incident occurred on February 18, 2007, transferring venue may be the only way to save plaintiff's cause of action.

Given the determination that the case should be transferred, the Court need not decide the merits of Harrah's, Caesars Palace and Caesar's Palace Realty's motion for summary judgement.

## CONCLUSION

Regardless of the status of personal jurisdiction, transfer is proper under either § 1404 or § 1406. Even if the Court can exercise personal jurisdiction over all defendants, convenience factors favor transferring the matter to Nevada. If the Court does not have jurisdiction over one or more defendants, interests of justice favor transferring the matter to a district of appropriate venue and jurisdiction. An evaluation of Harrah's, Caesars Palace and Caesar's Palace Realty's liability is unnecessary at this point as the Court's findings regarding venue prove dispositive. Accordingly,

**IT IS ORDERED** that defendants' **Motion For Summary Judgment** (Rec. Doc. 20) should be **DENIED** as moot and defendant Desert Palace's **Motion To Dismiss for Lack of Personal Jurisdiction** (Rec. Doc. 30) should be **GRANTED** in part, and **DENIED** in part.

**IT IS FURTHER ORDERED** that the case be transferred to the United States District Court for the District of Nevada.

New Orleans, Louisiana this the 31st day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE